**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**THOMAS QUINLIVAN,**

                      **Plaintiff,**

   vs.                                                   1:08-cv-1175
                                                            (MAD/VEB)

**COMMISSIONER OF SOCIAL SECURITY,**

                      **Defendant.**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF PETER M. MARGOLIUS**<br>7 Howard Street<br>Catskill, New York 12414<br>Attorneys for plaintiff | **PETER M. MARGOLIUS, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF REGIONAL GENERAL**<br>**COUNSEL - REGION II**<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for defendant | **JOHN M. KELLY, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      In a Report and Recommendation dated May 23, 2011, Magistrate Judge Bianchini recommended that this Court find that the Commissioner's decision denying Plaintiff's application for Supplemental Security Income and Disability Insurance Benefits was supported by substantial evidence and determined in accordance with the law. *See* Dkt. No. 14. As such, Magistrate Judge Bianchini recommended that this Court grant the Commissioner's motion for judgment on the pleadings and deny plaintiff's motion for judgment on the pleadings. *See id.* at 16. Neither party objected to these recommendations.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Bianchini's Report and Recommendation and the applicable law, the Court concludes that Magistrate Judge Bianchini applied the appropriate legal standards and correctly determined that the ALJ's decision is supported by substantial evidence and was determined in accordance with the law.

Accordingly, the Court hereby

  **ORDERS** that Magistrate Judge Bianchini's May 23, 2011 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

  **ORDERS** that plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

  **ORDERS** that the Commissioner's motion for judgment on the pleadings is **GRANTED**; and the Court further

  **ORDERS** that the Clerk of the Court shall enter judgment in favor of the Commissioner and close this case.

**IT IS SO ORDERED.**

Dated: June 10, 2011
  Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge